SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-22

|  |  |
|---|---|
| MARCIE TREADWELL<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES and MINOR CHILD<br>APPELLEES | **Opinion Delivered** September 10, 2014<br><br>APPEAL FROM THE BENTON<br>COUNTY CIRCUIT COURT<br>[No. J-2012-526-D/N]<br><br>HONORABLE THOMAS SMITH,<br>JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW<br>GRANTED |

**LARRY D. VAUGHT, Judge**

Appellant Marcie Treadwell appeals from the termination of her parental rights to her daughter, CT, born February 24, 2012. Treadwell's attorney filed a no-merit brief and a motion to withdraw as counsel, stating that the appeal is without merit and requesting to be relieved of her obligations as appointed counsel. We affirm the appeal and grant the motion to withdraw.

Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), Treadwell's attorney addressed each adverse ruling made at the hearing below and explained why each ruling lacked merit for reversal on appeal. Treadwell was given a copy of her counsel's brief and motion and informed of her right to file pro se points. Treadwell filed pro se points, and the Arkansas Department of Human Services (DHS) filed a response.

Termination-of-parental-rights cases are reviewed de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 212, 40 S.W.3d 286, 291 (2001). The trial court is given a high degree of

SLIP OPINION

deference, as it is in the best position to make credibility determinations. *Bryant v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 390 at 6, 383 S.W.3d 901, 904. On appeal, we review whether the trial court's findings were clearly erroneous. *Criswell v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 255 at 3, 435 S.W.3d 26, 28. An order terminating parental rights is an extreme remedy and must be based on clear and convincing evidence that termination is in the child's best interest. Ark. Code Ann. § 9-27-341(b)(3) (Supp. 2013); *Criswell*, 2014 Ark. App. 255, at 3, ___ S.W.3d at ___. Whether something is in the best interest of the child is evaluated based on the adoptability of the child, potential harm to the child if returned to the parent's custody. The court must also find at least one of the statutory grounds listed in Arkansas Code Annotated section 9-27-341(b)(3)(B). *Criswell*, 2014 Ark. App. 255 at 4, ___ S.W.3d at ___.

After initiating a seventy-two-hour hold based on immediate danger to CT, DHS filed a petition for emergency custody of CT on August 7, 2012. An attached affidavit indicated that five-month-old CT was turned over to DHS by Treadwell's mother, Stacey, who was caring for CT because Treadwell was incarcerated. Stacey indicated that she lacked support and was not mentally capable of caring for the child. Treadwell was incarcerated for charges of domestic battery against Stacey. Based on previous threats Treadwell had made, Stacey was also concerned that she would be harmed by Treadwell once she was released from jail. Treadwell was incarcerated four more times during the pendency of the case.

On August 14, 2012, the trial court entered an order finding probable cause that the emergency conditions, which justified removal of CT from Treadwell's care, continued to exist. An adjudication order was entered on September 25, 2012, finding CT to be dependent-

neglected. After subsequent review hearings, DHS filed a petition for termination of parental rights on May 14, 2013. A termination hearing was held on August 13, 2013. The hearing was continued until August 20, 2013, and concluded on that date.

On October 3, 2013, the trial court entered an order terminating Treadwell's parental rights. The trial court found by clear and convincing evidence that termination of parental rights was in CT's best interest. In making this determination, the court specifically considered the likelihood that CT would be adopted and the potential harm CT might suffer if returned to Treadwell's care as required by Arkansas Code Annotated section 9-27-341(b)(3)(A).

In the no-merit brief submitted to our court, counsel for Treadwell correctly asserted that there are no meritorious challenges to the order terminating Treadwell's parental rights. The only adverse ruling against Treadwell was a finding that the evidence was sufficient to terminate her parental rights. The State met its burden on this point under Arkansas Code Annotated section 9-27-341(b)(3).

The court found that CT is an adoptable child; she is only two years old, and a potential family has already been identified; CT stands to suffer harm if returned to her mother's care; Treadwell's home life is unstable; she has insufficient resources; and she has not addressed her problems with mental illness. The trial court's findings also indicate that at least one of the statutory grounds required by Arkansas Code Annotated section 9-27-341(b)(3)(B) was satisfied. It found that CT had been out of her mother's custody for at least twelve months and that DHS made a meaningful effort to rehabilitate Treadwell's ability to parent, but those efforts ultimately failed. Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*).

SLIP OPINION

The record demonstrates that the trial court's decision to terminate Treadwell's parental rights was not clearly erroneous, and any appeal challenging the sufficiency of the evidence would be without merit. In the twelve months after CT had been removed from Treadwell's custody, Treadwell was incarcerated several times for domestic battery. She also had a history of mental instability. She was diagnosed on different occasions with paranoid schizophrenia, borderline-personality disorder, and bipolar disorder, but refused to take prescription medication other than a low-dose antidepressant. After evaluating Treadwell, Dr. Martin Faitak recommended that long-term counseling was necessary before reunification would be appropriate.

Treadwell's home life was also unstable. At the time of the hearing, she was living with a friend's mother and planned to move back in with her own mother, who had a protective order against her. The trial court specifically found the testimony of DHS caseworker, Jessica Thompson, to be credible. Thompson expressed the opinion that Treadwell's parental rights should be terminated because she had little bond with the child, the dynamic between Treadwell and her mother was unhealthy for the baby, and Treadwell had not addressed her mental-health issues.

Additionally, Treadwell's pro se points do not present grounds for reversible error. Specifically, she claims that there are mistakes in the abstract that warrant reversal. However, the alleged "abstracting errors" amount to a challenge of one of the witnesses credibility. The trial court found the testimony of Dr. Faitak to be credible, and because we defer to the credibility determinations of the trial court, any challenges to his specific testimony cannot be sustained on

appeal. *Seago v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 767, at 27, 360 S.W.3d 733, 748.

After examining the record and conforming no-merit brief filed by Treadwell's counsel, it is clear that an appeal would be without merit. Accordingly, the order terminating Treadwell's parental rights is affirmed, and the attorney's motion to be relieved from representation is granted.

Affirmed; motion to withdraw granted.

WALMSLEY and GLOVER, JJ., agree.

*Dee Scritchfield*, for appellant.

No response.